823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Francis A. KORWEK, Plaintiff-Appellant,
v.
Walter FAULK, Conservator of Fidelity Federal Savings & Loan
Association, appointed by Federal Home Loan Bank
Board; Fidelity Federal Savings & Loan
Association, Defendant-Appellee,
v.
Angela D. KORWEK, Third Party Defendant.
 No. 86-2554.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided July 2, 1987.
 
 Before HALL and SPROUSE, Circuit Judges, and JOSEPH F. ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 Nathaniel Crow Fick, Jr., for appellant.
 Paul E. Guterman (James P. Murphy, Squire, Sanders & Dempsey, Paul M. Vettori, Deborah L. Robinson, Frank, Bernstein, Conaway & Goldman, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Francis A. Korwek appeals from the district court's dismissal of his breach of contract and wrongful discharge action against Walter H. Faulk, Conservator of Fidelity Federal Savings & Loan Association, and Fidelity for lack of subject matter jurisdiction. We affirm.
 
 
 2
 On January 7, 1983, the Federal Home Loan Bank Board (the Board) appointed Faulk conservator of Fidelity under Sec. 5(d)(6)(A) of the Home Owners' Loan Act of 1933, 12 U.S.C. Sec. 1464(d)(6)(A). The Board had found that Fidelity 1) was insolvent; 2) had suffered a substantial dissipation of assets and earnings due to violations of law or unsafe and unsound practices; and 3) was in an unsafe or unsound condition to transact business. At that time, Korwek was Executive Vice-President of Fidelity. The day Faulk was appointed conservator, he removed Korwek and several other officers from their positions at Fidelity.
 
 
 3
 On March 22, 1983, Korwek filed an action against Faulk and Fidelity in the Circuit Court of Baltimore City, alleging breach of an employment contract. After the action was removed to the United States District Court for the District of Maryland, Korwek filed an amended complaint alleging both breach of employment contract and wrongful discharge. Faulk and Fidelity filed a motion to dismiss for failure to state a claim upon which relief could be granted and because Korwek had not exhausted his administrative remedies.
 
 
 4
 At the hearing on the motion, the district court noted that under 12 U.S.C. Sec. 1464(d)(6)(C) "no court may ..., except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver." It then concluded, contrary to the recommendation of its magistrate, that a conservator does not have to follow the procedures for notice and a hearing set forth in 12 U.S.C. Sec. 1464(d)(4)(C) prior to removing an officer. The court held that under 12 U.S.C. Sec. 1464(d)(6)(D), a conservator has the powers that management would have, including the power to fire officers at will. it consequently dismissed Korwek's action against Faulk and Fidelity.
 
 
 5
 We agree with the district court's interpretation of the conservator's power to fire officers and that dismissal of Korwek's action was therefore proper under Sec. 1464(d)(6)(C).
 
 
 6
 AFFIRMED.